Michael CHANDLER, et al., Plaintiffs,

v.

Fob JAMES, et al., Defendants.

No. CV 96–D–169–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 29, 1997.

Steven Green, Americans United for Separation of Church and State, Washington, DC, Stephen L. Pevar, American Civil Liberties Union, Denver, CO, Elizabeth Joy Hubertz, Levin, Middlebrooks, Mabie, Thomas, Mitchell, Papantonio & Lamb, Birmingham, AL, James A. Tucker, Alabama Civil Liberties Union, Montgomery, AL, Pamela L. Sumners, Birmingham, AL, for Plaintiffs.

Jere L. Beasley, James A. Main, P. Leigh O'Dell, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, Alan Eric Johnston, Johnston, Trippe & Brown, Birmingham, AL, William P. Gray, Jr., Legal Advisor to the Governor, Governor's Office, Montgomery, AL, for Fob James, Jr.

William H. Pryor, Jr., Atty. Gen., Thomas F. Parker, IV, Deputy Atty. Gen., Office of Atty. Gen., Montgomery, AL, Jay A. Sekulow, American Center for Law and Justice, Mobile, AL, for Jeff Sessions.

Denise Boone Azar, Michael R. White, Dept. of Educ., Office of General Counsel, Montgomery, AL, Ashley H. Hamlett, Alabama Dept. of Public Health, Montgomery, AL, for Dr. Ed Richardson.

Denise Boone Azar, Larry E. Craven, Dept. of Educ., Office of Gen Counsel, Montgomery, AL, Ashley Hamlett, Alabama Dept. of Public Health, Montgomery, AL, for Bradley Byrne, G.J. Higginbotham, Stephanie Bell, Ethel Hall, Dr. Willie Paul, David Byers, Jr., Sandra Ray, Dr. Mary Jane Caylor.

Denise Boone Azar, Larry E. Craven, Dept. of Educ., Office of Gen Counsel, Montgomery, AL, Ashley Hamlett, Alabama Dept. of Public Health, Montgomery, AL, for Bradley Byrne, G.J. Higginbotham, Stephanie Bell, Ethel Hall, Dr. Willie Paul, David Byers, Jr., Sandra Ray, Dr. Mary Jane Caylor.

Mark A. Rasco, Ralph Gaines, Gaines, Gaines & Rasco, P.C., Talladega, AL, J. Allen Schreiber, Gerald Alan Templeton, Lloyd, Schreiber & Gray, P.C., Birmingham, AL, James Eugene Williams, Melton, Espy, Williams & Hayes, P.C., Montgomery, AL, for Charles E. Kearley, James Braswell, T.Y. Lawrence, Jr., Bonnie Miller, Michael O'Brien, Helen Scales.

### PERMANENT INJUNCTION

DE MENT, District Judge.

In accordance with the court's previous opinions, as well as the record as a whole in this cause, it is CONSIDERED and ORDERED as follows:

1. The Defendant Governor of Alabama, his successors in office, and all those in active concert and participation with him or her are herewith PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, permitting, procuring, or otherwise enforcing the provisions of Alabama Code Section 16–1–20.3 and any regulations, directives; or policies implementing its provisions.

2. The Attorney General of Alabama, his successors in office, and all those in active concert and participation with him or her, including, but not limited to, all deputy and assistant Attorneys General, are herewith PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, permitting, procuring, or otherwise enforcing the provisions of Alabama Code Section 16–1–20.3 and any regulations, directives, or policies implementing its provisions.

3. The Defendant Alabama State Board of Education, its officers, agents, servants, employees, successors and assigns, and all those in active concert and participation with it are herewith PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, permitting, procuring, or otherwise enforcing the provisions of Alabama Code Section 16–1–20.3 and

any regulations, directives, or policies implementing its provisions.

4. The Defendants, and each of them, Ed Richardson, Bradley Byrne, Stephanie Bell, G.J. "Dutch" Higginbotham, Ethel H. Hall, Willie Paul, David F. Byers, Jr., Sandra Ray, and Mary Jane Caylor, and each of their successors in office, and all those in active concert and participation with each are herewith PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, permitting, procuring, or otherwise enforcing the provisions of Alabama Code Section 16–1–20.3 and any regulations, directives, or policies implementing its provisions.

5. The Defendants, and each of them, DeKalb County Board of Education, Weldon Parrish, Willard A. Israel, Tommie Johnson, Mary Etta Bailey, Johnny Young, and Jimmy Wilbanks, and each of their successors in office, and all those in active concert and participation with each (including, but not limited to, principals, school administrators, staff and teachers employed, assigned, or utilized within the DeKalb County school system) are herewith PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, permitting, procuring, or otherwise enforcing the provisions of Alabama Code Section 16–1–20.3 and any regulations, directives, or policies implementing its provisions.

6. The Defendants, and each of them, DeKalb County Board of Education, Weldon Parrish, Willard A. Israel, Tommie Johnson, Mary Etta Bailey, Johnny Young, and Jimmy Wilbanks, and each of their successors in office, and all those in active concert and participation with each (including, but not limited to, principals, school administrators, staff and teachers employed, assigned, or utilized within the DeKalb County school system) are herewith PERMANENTLY ENJOINED from each and all of the following activities, policies, practices, and conduct:

(a) *Regarding Classroom Activities and Instructional Settings.* The Defendants, and each of them, are PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, procuring, or permitting *school organized or officially sanctioned* religious activity in the classrooms of DeKalb County schools *including, but not limited to:* vocal prayer; Bible and religious devotional or scriptural readings; distribution of religious materials, texts, or announcements; and discussions of a devotional/inspirational nature, regardless of whether the activity is initiated, led by, or engaged in by students.

This PERMANENT INJUNCTION DOES NOT proscribe the educational use of religious texts in the classroom to the extent that material so used is presented in an objective and academic manner, for example, as part of a course of study.

This PERMANENT INJUNCTION DOES NOT proscribe students' voluntary expression of their own religious beliefs in the form of homework, reports, artwork, or other school assignments as applicable and as academically appropriate.

This PERMANENT INJUNCTION DOES NOT proscribe the display of religious symbols, articles and medals (for example, Crosses and Stars of David) and/or clothing bearing religious messages (provided that the school allows students to display non-religious expressive symbols and apparel and such display is in accordance with all applicable time, place, and manner restrictions).

This PERMANENT INJUNCTION DOES NOT affect the rights of secondary-school students to engage in religious activity during noninstructional time that is consistent with the federal Equal Access Act, 20 U.S.C. Section 4071 *et seq.,* or to quietly engage in religious activity during noninstructional times, *so long as it does not unduly call attention thereto and so long as it does not interfere with the rights of other students to freely pass thereby or to avoid its imposition upon themselves.* This PERMANENT INJUNCTION DOES NOT prohibit students from distributing religious materials to classmates during noninstructional time, subject to the same time, place, and manner restrictions imposed on student distributions of nonreligious materials, subject to the provisions of paragraph 6(e) below.

(b) *Regarding Graduation or Commencement Exercises.* The Defendants, and each

of them, are PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, procuring, participating in, or permitting, prayers, invocations, benedictions, or devotional messages at graduation or commencement exercises, regardless of whether such prayer, invocation, benediction, or devotional message is offered by clergy, a student, administrator, teacher, school employee, or nonschool person, regardless of how such prayer, invocation, benediction, or devotional message is denominated, and regardless of whether a public-address system is used. The Defendants, and each of them, are specifically PERMANENTLY ENJOINED from permitting such activity at commencement or graduation exercises in the guise of valedictory, salutatory, historian, or similar student addresses and remarks.

This PERMANENT INJUNCTION DOES NOT proscribe a brief personal expression by a student which contains religious references during a commencement exercise or student address (for example, a student may express thanks to Deity for his or her academic success),[1] provided that such expression is not encouraged in any way by school officials and does not invite audience participation or response (for example, a student speaker may not invite the audience to participate with him or her in prayer or urge the audience to take a moment with him or her to thank Deity). Where enjoined activity by students occurs, it is CONSIDERED that school officials be and they are hereby ORDERED to take appropriate disciplinary action as they would for any violation of school disciplinary rules, said disciplinary action being calculated to cause the cessation of the violative conduct as it occurs and to deter similar conduct in the future.

The Defendants, and each of them, are further PERMANENTLY ENJOINED from listing, announcing, or memorializing any religious activity or message on any commencement program at any DeKalb County school. The Defendants, and each of them, are specifically PERMANENTLY EN-JOINED from printing baccalaureate announcements or commemorations or other materials regarding baccalaureate services on the commencement programs of DeKalb County public schools and from organizing or sponsoring any baccalaureate event (although they may attend). School officials are prohibited from encouraging or discouraging, directly, or indirectly, a student's attendance at baccalaureate services. Specifically, school officials may not condition a student's attendance at commencement exercises on attendance at baccalaureate events.

(c) *Regarding Use of Public–Address Systems for Religious Addresses.* The Defendants, and each of them, are PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, procuring, participating in, or permitting, students, school employees, school officials, clergy, and nonschool persons to pray or to deliver religious or devotional messages (including scriptural readings) over any public-address system during the instructional day (including the home room period) or in connection with any school-sponsored event, including, but not limited to, assemblies and sporting events. This provision includes the delivery of daily announcements. No exception to this provision shall be permitted during times of perceived crisis or exigent circumstances. Where enjoined activity by students occurs, it is CONSIDERED that school officials be and they are hereby ORDERED to take appropriate disciplinary action as they would for any violation of school disciplinary rules, said disciplinary action being calculated to cause the cessation of such violative conduct as it occurs and to deter similar conduct in the future.

This PERMANENT INJUNCTION DOES NOT prohibit students from making announcements over the school public-address system regarding meetings of noncurricular religious clubs, provided that the announcements themselves do not contain a

---

1. This is but one example of a brief permissible reference by a student to Deity or religion. This example is not meant by the court to suggest any form of expression to any student or to suggest that this is the only such reference that would be permissible. It is intended to be illustrative only, and to assist school officials in complying with the terms of this PERMANENT INJUNCTION.

prayer or devotional, and provided that any such announcements are subject to the same time, place, and manner restrictions that apply to announcements of nonreligious activities.

(d) *Regarding School–Sponsored Assemblies and Events.* The Defendants, and each of them, are PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, procuring, or otherwise participating in, or permitting, prayers, Biblical and scriptural readings, and other presentations or activities of a religious nature, at all *school-sponsored or school-initiated* assemblies and events (including, but not limited to, sporting events), regardless of whether the activity takes place during instructional time, regardless of whether attendance is compulsory or noncompulsory, and regardless of whether the speaker/presenter is a student, school official, or nonschool person.

This PERMANENT INJUNCTION DOES NOT prevent secondary-school students from engaging in religious expression and activity during noninstructional time that is consistent with the federal Equal Access Act, 20 U.S.C. Section 4071 *et seq.*, which, while according students expressive rights, does not allow school officials to provide special privileges to noncurricular student religious clubs in terms of meetings and assemblies that they do not provide to other student clubs.

(e) *Regarding Distribution of Bibles and Other Religious Tracts.* The Defendants, and each of them, are PERMANENTLY ENJOINED from aiding, abetting, commanding, counseling, inducing, ordering, procuring, or otherwise permitting, school officials or nonschool persons to enter any classroom or any school property where students are assembled, for the purpose of distributing Gideon Bibles or other religious tracts, literature, or paraphernalia to students on school property during the school day, including the home room period and any period during which students are required to be present in school, or at any school-sponsored event.

No distribution of Gideon Bibles or other religious tracts, literature, or paraphernalia by placement of them in a common area shall occur in the absence of a formal, written policy adopted by the DeKalb County Board of Education governing distribution of materials from nonschool persons in DeKalb County public schools generally.

It is further CONSIDERED that Defendants be and the same are hereby ORDERED that within thirty (30) days of the date of this PERMANENT INJUNCTION, Defendants shall promulgate a written policy of general application for all DeKalb County public schools, binding upon all school principals, teachers, and other school employees uniformly in each public school in DeKalb County, to govern such distributions in terms of time, place, and manner restrictions; and Defendants shall serve a copy of the same upon Plaintiffs' counsel, who, within ten (10) days, shall list any objections, and shall submit the same to this court for its rejection or concurrence. Following court approval, the Defendants shall publish and shall distribute to each school principal a copy of the written policy, with instructions that it shall be followed in each DeKalb County public school.

It is further CONSIDERED that Defendants be and the same are hereby ORDERED to provide *immediately* to the Gideons International representatives who are known by them to have visited DeKalb County schools, or to their designated organizational representative, a copy of this PERMANENT INJUNCTION.

It is further CONSIDERED that Defendants be and the same are hereby ORDERED to inform the organization in writing, *immediately*, that students shall not be harassed with regard to acceptance or nonacceptance of any Gideon Bibles that may occur while its representatives are situated on public property near the school, (such as the public sidewalk), *if* students who are approached for distribution are still situated on or *boarding school property, and that they* shall not throw or pass Gideon Bibles through the windows or doors of DeKalb County school buses or otherwise act in an aggressive manner toward students with regard to any distribution of Gideon Bibles while those students are still situated on

school property (for example, standing in line in the school parking lot to board the bus and still under school officials' general supervision and protection, or boarding the public school bus).

It is further CONSIDERED that Defendants be and the same are hereby ORDERED to send a copy of this written notification to Plaintiffs' counsel and to file a copy with the court.

It is further CONSIDERED that Defendants be and the same are hereby ORDERED to follow the exact steps enumerated herein for any nonschool group or person other than the Gideons International that wishes to have access to students for the purpose of distributing Bibles, religious tracts, religious literature, or religious paraphernalia.

In the event of a violation of this PERMANENT INJUNCTION, and in the event of aggressive or harassing behavior of the sort proscribed herein, school officials shall take action to cause the violative conduct to cease immediately.

This PERMANENT INJUNCTION DOES NOT prohibit students from distributing religious materials to classmates during noninstructional time, subject to the same time, place and manner restrictions imposed on student distributions of nonreligious materials.

(f) *Regarding Parties. School Officials. and Potential Witnesses Connected With This Lawsuit.* It is CONSIDERED that the Defendants be and the same are hereby ORDERED to direct school officials to intercede to stop religiously based harassment of the minor child, Jesse Chandler, by other students or by any school official or non-school person, if and when they observe it on school grounds or are notified of its occurrence on school grounds, including in the lunchroom of Fyffe School. School officials shall take immediate and prudent protective action when notified of any such occurrence or likely occurrence. Nothing in this provision is intended to chill the rights of students to persuade their fellow students on religious matters or to impose on school officials an affirmative duty to prevent conduct of which

they have no notice, but rather to impose an obligation to protect a minor child from oppression where it is observed or comes to the attention of school officials.

It is further CONSIDERED that the Defendants, and each of them, be and the same are hereby ORDERED not to retaliate in any way against the Plaintiffs for filing this lawsuit, or to retaliate in any way against those persons identified in affidavits submitted by the Plaintiffs in this lawsuit as persons who support this lawsuit or who oppose school-sponsored religious activity in DeKalb County public schools, and specifically Mrs. Whiteside.

7. AND AS FURTHER AFFIRMATIVE RELIEF, IT IS CONSIDERED AND ORDERED THAT DEFENDANT DEKALB COUNTY BOARD OF EDUCATION SHALL:

(a) Distribute copies of the court's opinions and this PERMANENT INJUNCTION to each school principal within the DeKalb County system immediately, with instructions that each such principal inform faculty, staff, and students that the court requires compliance;

(b) Post, or make available, in areas commonly utilized for communicating notices or information to both students and faculty (such as the faculty lounge, bulletin boards, etc.) in each DeKalb County public school, a copy of this PERMANENT INJUNCTION, which shall remain so posted until the same expires;

(c) Maintain in the library available for circulation in each DeKalb County public school a copy of "The Riley Letter" in the form in which it appears as Exhibit A to the parties' Joint Motion to Vacate Trial Setting and Voluntary Cessation Agreement and a copy of the monograph entitled "Religion in the Public Schools: A Joint Statement of Current Law," which shall remain available for circulation until this PERMANENT INJUNCTION expires;

(d) Distribute to the Parent Teacher Organization, Parent Teacher Association, Parent Teacher Student Association, or similar group for parental participation in school affairs, at each DeKalb County public school, a

copy of this PERMANENT INJUNCTION and a copy of the court's opinions in this matter, with the following statement attached to it:

> The purpose of the court's injunction is to protect the religious rights and freedoms of students in DeKalb County public schools, to prohibit religious activities from being included in official school activities, and to prohibit DeKalb County public schools from sponsoring religious activities. If you believe that any of the rights and prohibitions specified in the injunction are not being observed at your child's school, you should contact [the court-approved monitor which/who shall be selected in accordance with the provisions of paragraph (g) below; name, address and telephone number shall be provided with this notice].

(e) Conduct a mandatory in-service training session for faculty and administrators in DeKalb County public schools that is reasonably designed to familiarize these school officials with the provisions of this PERMANENT INJUNCTION, the general contours of Establishment Clause and Free Exercise principles as the court has explained them in its opinions in this case, their rights and duties in connection with the controlling law of church and state relations in the public-school setting, and the general issue of school officials' tolerance for diversity in religious opinion and duty of neutrality in matters of religion when acting in their official capacities. This in-service training shall be conducted during time regularly set aside for such purposes but shall occur during the 1997–98 school year. The Defendants shall not be obligated to conduct an in-service session for new faculty and administrators each year who were not present for the 1997–98 in-service training, but shall be required to direct all such new faculty and administrators to read and to acknowledge in writing that they have read the curricular/teaching materials used at the 1997–98 in-service session, a copy of which shall be maintained by the DeKalb County Board of Education for this purpose.

The curricular materials used for this purpose shall be the court's opinions in this matter, this PERMANENT INJUNCTION, and in addition, one of the following: (a) the Anti–Defamation League's "A World of Difference" program; or (b) a similar program of religiously neutral, nonsectarian content selected by the DeKalb County School Board and submitted to the court-appointed monitor referenced in paragraph (g), below, for his, her, or its approval, with a copy served on Plaintiffs' counsel for the purpose of tendering specific written objections within ten (10) days of service. If a nomination is not made by the Defendants within forty-five (45) days of the date of this PERMANENT INJUNCTION, the court will select the curricular materials, with due regard for the recommendation of the court-appointed monitor.

The DeKalb County Board of Education shall pay the costs of the in-service curricular materials, and;

(f) Cause its counsel to certify to the court, each September 30, December 31, March 31, and June 15, for each school year until further order of the court, that each school within the DeKalb County school system is in compliance with this PERMANENT INJUNCTION, and to send a copy to the person or entity referenced in paragraph (g) below, the State Department of Education, and to Plaintiffs' counsel; and

(g) Within thirty (30) days of the issuance of this PERMANENT INJUNCTION, nominate and submit in writing, in *conjunction with counsel for the Plaintiffs,* three (3) neutral entities or persons, with a description of qualifications, to serve as a monitor for the purpose of insuring compliance with this PERMANENT INJUNCTION. The Parties shall *jointly* arrive at the list of three (3) neutral entities or persons nominated to serve as monitor. The court will appoint one of these three nominees to serve as its monitor. Failing the nomination of a neutral entity or person within thirty (30) days of the issuance of this PERMANENT INJUNCTION, or absent a nominee acceptable to the court, the court will appoint a monitor of its own choosing. The monitor shall have the power and authority to:

(i) enter any classroom or public school property, school assembly, sporting event,

commencement exercise, or school-sponsored or school-initiated event for the purpose of observing and reporting on compliance for the duration of this PERMANENT IN-JUNCTION; and

(ii) collect complaints regarding any violation of any provision of this PERMANENT INJUNCTION for the purpose of investigating violations and if warranted, reporting them immediately to the court; and

(iii) verify that there are no violations of the provisions of this PERMANENT IN-JUNCTION during each of the periods referenced in paragraph (f) above, and tender verification to the court within 10 days of the passage of the dates specified in paragraph (f) above; and

(iv) engage in *ex parte* communications with the parties and any persons or entities: (1) in the course of conducting investigations based on complaints; (2) in verifying compliance with this PERMANENT INJUNC-TION; and (3) in furtherance of his, her or its responsibilities under this PERMANENT INJUNCTION; and

(v) engage in ex parte communications with the court.

The monitor shall be paid, by the DeKalb County Board of Education, a reasonable fee for services and expenses as shall be independently reviewed and approved by the court upon petition for fees within ten (10) days following the dates specified in paragraph (f) above in connection with monitoring compliance with the provisions of this PER-MANENT INJUNCTION.

8. The court shall retain jurisdiction of this matter until further order of the court, with power to enforce the provisions of this PERMANENT INJUNCTION by all means, writs, and remedies available to it, including, but not limited to, the exercise of its powers of contempt for violation of the terms hereof.

The United States Marshal is hereby DI-RECTED to personally serve a copy of this PERMANENT INJUNCTION, together with the FINAL JUDGMENT AND OR-DER and MEMORANDUM OPINION, upon Defendants: the Honorable Forrest W. ("Fob") James, Jr., governor of the State of Alabama; the Honorable William H. Pryor,

Attorney General of the State of Alabama; the Honorable William Gray, Legal Advisor to the Governor; the Honorable Ed Richard-son, Superintendent of Education for the State of Alabama; and the Honorable Rich-ard Land, Superintendent of the DeKalb County Board of Education.

All costs herein incurred shall be and the same are hereby assessed against the De-Kalb County Board of Education, for which let execution issue.